IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INNOVATIVE THERAPIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KINETIC CONCEPTS, INC., KCI LICENSING, INC. and KCI USA, INC. <br><br> Defendants. | C.A. No. 1:07-cv-589-SLR <br><br> **DECLARATION OF MARK MEENTS** |

## DECLARATION OF MARK MEENTS

1. I am a co-founder of Innovative Therapies, Inc. ("ITI") and currently serve as the company's Chief Operating Officer.

2. I was previously employed by Kinetic Concepts, Inc. ("KCI").

3. On September 12, 2007, I participated in a phone call between David Tumey of ITI and Michael Girouard, KCI's Director of Marketing and my former co-worker at KCI.

4. During the course of that call, Mr. Tumey asked Mr. Girouard if he was aware of the two recently approved 510(k)s that we had submitted. Both 510(k)s were submitted on behalf of ITI. Mr. Girouard replied that he was aware of one of the 510(k)s, but not two, as reflected in my contemporaneous handwritten notes of the call attached as Exhibit A: "Mike aware of 1 FDA 510(k)."

5. I have read the Declaration of Michael Girouard filed by KCI in this case. As part of his Declaration, Mr. Girouard states, "I was not aware of Mr. Tumey's two 510(k)s or his product before our conversation." I find Mr. Girouard's statement confusing since it is unclear whether he is claiming that, prior to the conversation, he was not aware that we had two separate 510(k)s or if he is claiming that he was not aware that we had any 510(k)s. If Mr. Girouard intended to

convey the former, the declaration conforms with my recollection and my contemporaneous handwritten notes of the call. If Mr. Girouard intended to convey the latter, his declaration is false based on his admission, during the phone call, that he was aware of one of the 510(k)s.

6. In addition, Mr. Girouard stated that his awareness of one of the 510(k)s came from KCI's regular "Competitive Intelligence" meetings.

7. As the conversation continued, Mr. Tumey described to Mr. Girouard our development and contemplated sale of a negative pressure wound therapy device to be used with a polyurethane foam dressing. Mr. Tumey asked Mr. Girouard how he thought KCI might react to this product, to which Mr. Girouard responded that "KCI will act aggressively" and added that he "thought we would know that." These statements are reflected in my contemporaneous handwritten notes of the call.

8. Mr. Tumey then asked Mr. Girouard whether he thought that KCI would sue us if we sold this product. Mr. Girouard said that KCI would take legal action, but qualified his statement by saying KCI would only do so if it first determined that the product infringed the KCI patents.

9. Neither my contemporaneous notes of the call, nor my recollection of the call include any statement by Mr. Girouard that he did not know whether KCI would take action or that the determination to take action was not his to make.

10. The facts set forth above are true and complete to the best of my knowledge and recollection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 14th day of November, 2007.

*[signature]*

# Exhibit A

9/12   12:20 PM  ODT

<u>Mike Ginnund</u> - Dir. of Marketing

- Agron Sky globalization working w/ Bain
  new regime in from J&J - want to innovate

- Mike aware of 1 FDA 510K

- "KCI will act aggressively - thought we would know that"

- After analysis - if infringe on patents will take legal action

- need to defend patents to protect. IP

- Does KCI own foam? would protect any IP they have

## **CERTIFICATE OF SERVICE**

        I hereby certify that on April 4, 2008, a copy of the foregoing Declaration of Mark Meents was served with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following

> Steven J. Balick, Esq.
> John G. Day, Esq.
> Tiffany Geyer Lydon, Esq.
> Ashby & Geddes
> 500 Delaware Avenue, 8th Floor
> P.O. Box 1150
> Wilmington, DE  19899

In addition, the forgoing was also served via e-mail upon:

> Donald R. Dunner, Esq.
> Don O. Burley, Esq.
> Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
> 901 New York Avenue, NW
> Washington, DC 20001-4413
> don.dunner@finnegan.com
> don.burley@finnegan.com
>
> Erik R. Puknys, Esq.
> Jason M. Webster, Esq.
> Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
> 3300 Hillview Avenue
> Palo Alto, CA 94304-1203
> Erik.puknys@finnegan.com
> jason.webster@finnegan.com
>
> R. Laurence Macon, Esq.
> Akin Gump Strauss Hauer & Feld, LLP
> 300 Convent Street, Suite 1500
> San Antonio, TX 78205
> lmacon@akingump.com

>         */s/ Thomas H. Kovach*
>         Thomas H. Kovach (#3964)