IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INNOVATIVE THERAPIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 07-589-SLR/LPS |
| ) | |
| KINETIC CONCEPTS, INC., KCI ) | |
| LICENSING, INC. and KCI USA, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 5th day of November, 2008, having reviewed the Report and Recommendation issued July 14, 2008, and the objections filed in connection therewith;

IT IS ORDERED that the Report and Recommendation is adopted and the case dismissed,[1] consistent with the following reasoning:

1. **Legal standard.** This case arguably presents a situation meant to be addressed by the Declaratory Judgment Act, that is, plaintiff (a company getting ready to market a new medical device that "has essentially the same technological characteristics" as a "predicate device" previously approved by the FDA) suspects an adverse reaction from the manufacturer of the "predicate device," which device is covered by a portfolio of patents. As characterized by the Federal Circuit, the Declaratory Judgment Act exists to provide such a company with "relief from uncertainty and delay regarding its legal rights." *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*,

---

[1]Defendants' motion to dismiss (D.I. 44) is granted.

824 F.2d 953, 956 (Fed. Cir. 1987). The problem, of course, is determining when there exists a substantial enough dispute between an alleged infringer and the patentee to satisfy the "case or controversy" requirement of Article III of the Constitution.

    2. The United States Supreme Court has recognized in this regard that

> [t]he difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy.

*Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see also Sony Electronics, Inc. v. Guardian Media Technologies, Ltd.*, 497 F.3d 1271, 1283 (Fed. Cir. 2007). Indeed, while acknowledging the need for a bona fide dispute between parties, the Supreme Court has fashioned its standard for determining the existence of subject matter jurisdiction in the broadest sense:

> Our decisions have required that the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.". . . [Therefore,] "the question in each case is whether the facts alleged, **under all the circumstances**, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

*Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S. Ct. 764, 771 (2007) (citations omitted) (emphasis added). Rather than articulate a particular evidentiary standard, the Federal Circuit has followed suit and simply held that, "[i]n short, 'all the circumstances' must show a controversy." *Micron Tech., Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008).

3. The Federal Circuit has recognized in this regard that the "more lenient legal standard" pronounced by the Supreme Court in *Medimmune* "facilitates or enhances the availability of declaratory judgment jurisdiction in patent cases" that "could occasion a forum-seeking race to the courthouse between accused infringers and patent holders." *Micron*, 518 F.3d at 902. As in this case, where defendants/patentees subsequently filed a patent infringement suit against plaintiff in North Carolina, to some extent "the parties in this dispute are really just contesting the location and right to choose the forum for their inevitable suit." *Id.* at 902-903.

4. **Analysis.** Plaintiff at bar has argued that its declaratory judgment action should not be dismissed because defendants were actively investigating plaintiff and its FDA-approved device months before the instant declaratory judgment action was filed,[2] defendants had previously filed patent infringement lawsuits against competitors, and plaintiff was told (through telephone conversations between employees of plaintiff and defendants) that defendants would sue if plaintiff launched an infringing product. Defendants contend in response that they could not have brought suit against plaintiff without examining plaintiff's product, something plaintiff would not permit.[3]

5. Taking all of plaintiff's allegations as true, I am not convinced that a potential infringer should be able to create subject matter jurisdiction *sub rosa* (in this case, by

---

[2] *See* D.I. 71, ex. D.

[3] Plaintiff contends that, had it been allowed follow-up jurisdictional discovery from defendants, it would have uncovered more evidence of an intent to sue. While such requests for discovery should rarely be denied, since it is undisputed that no such intent was ever communicated to plaintiff, the question remains whether jurisdiction should be based on non-public evidence that can be gathered only after suit is actually filed.

initiating telephone conversations to employees of the patentee who were not in decision-making positions and who were not informed of the real purpose behind the conversations). To put the point differently, although I agree with plaintiff that "an affirmative act" by the patentee directed toward the declaratory judgment plaintiff may not always be required,[4] nevertheless, where (as here) a declaratory judgment plaintiff was not willing to make its concerns a matter of record pre-suit, I am not convinced that the objectives of the Declaratory Judgment Act are being served by allowing such a plaintiff to plead uncertainty and delay. Cf. SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372, 1385 (Fed. Cir. 2007) (Bryson, concurring) (a declaratory judgment plaintiff can send "a 'put up or shut up' response" to a patentee's suspected investigative or licensing efforts; any response by the patentee would expose it to a declaratory judgment action).[5] Therefore, even if subject matter jurisdiction were established to my satisfaction, I agree that the case should be dismissed in the exercise of my discretion. See Micron, 518 F.3d at 902.

_____
United States District Judge

---

[4]In my view, the broad standard established by the Supreme Court should not be anchored in such a narrow paradigm.

[5]I acknowledge that such a holding will keep the odds in the race to the courthouse in a patentee's favor.